IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JERRETT RAY ARMSTRONG, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| A & L INDUSTRIAL SERVICES, INC.; | § | |
| BAKER CONCRETE SERVICES, INC.; | § | |
| CAR-BER TESTING TEXAS, LLC; | § | |
| EMPIRE SCAFFOLD, LLC; | § | |
| G P INDUSTRIAL CONTRACTORS; | § | |
| ISC, LLC; | § | |
| KTMC TURNAROUND GROUP, LLC; | § | |
| PERFORMANCE CONSTRUCTION COMPANY; | § | |
| PERFORMANCE CONTRACTORS, INC.; | § | |
| RMF NOOTER, A SUBSIDIARY OF NOOTER CONSTRUCTION COMPANY; | § | |
| S & B ENGINEERS AND CONSTRUCTORS LTD; | § | |
| TOTAL INDUSTRIAL PLANT SERVICES, INC.; | § | |
| TRACER INDUSTRIES MANAGEMENT CO., INC.; | § | |
| TURNER INDUSTRIES GROUP, LLC; | § | |

## **PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JERRETT RAY ARMSTRONG, MARIO VICENTE ACEVEDO, ZACH MARWAN ACHKAR, ROLLAND CRAIG ALLEN, PATRICIA ANDRADE, FREDDY A. ARAICA, ELIZABETH ANN ARGUELLO, RICKY ARNAUD, JESSE ASKEW, UNNIKRISHNA PILLAI BALAKRISHNAPILLA, CORY LYNN BALDWIN, CARROLL HENRY BALLARD, DANIEL T. BALL, K.E. BARKER, WELDON BARKER, BRUCE BARNARD, LAFAYET BARRERA-GONZALEZ, LARRY BASCO, RICHARD WAYNE BELL, ANTHONY JOSEPH BERG II, CHRISTOPHER BERGEAUX, KIMBERLY BERGEAUX, ROSALIO LUGO BLANCO, BRANDON M. BOLTON, JAMES

L. BRANTLEY, RANDY GLENN BRITNELL, KENNETH BUDWINE, JR., ERIC BUTLER, ALIBER MARROQUIN CANTU, JUAN L. CANTU-GARCIA, JULIO CESAR CANTU, SERGIO MARROQUIN CANTU, CLEON CARRAWAY, JUAN JOSE CARRILLO, MARIO SERRANO CARRILLO, MICHAEL P. CARRIER, OSCAR TORRES CASTILLO, RAFAEL CEJA, JR., JAMES KENNETH CHANEY, SR., CARL ALAN CLARK, VICKI A. CLARK, EDDIE ALBERTO COLON, JOSE ANTONIO COMPEAN, JR., MANUEL CORDERO III, CARLOS CORDOVA, MARTIN CORONADO ACUNA, JAMES FRANKLIN COSTLOW, MICHAEL CRIM, DAVID CRUZ, DOEL PASTOR CRUZ-RIVERA, JASON CLYDE DARRELL, BRIAN ALLAN DAVIS, MICHAEL EARL DAVIS, DAVID GARCIA DELACRUZ, SERGIO ANTONIO DELFIN, OMAR A. DELGADILLO, LOUIS JOSEPH DESHOTEL, SHAWNA DONZAILE DODD, LAWRENCE DUFRAIN, KEVIN WAYNE DUHON, DENNIS JOSEPH DUPLANTIS, GENE ROSS EAST, CHRISTOPHER ELIZONDO, BEN D. ELLIS, MAURICIO CASTRO ESTRADA, JORGE FALCON, TROY FAVORITE, JOSEPH FAZIO, GREGORY DONNELL FLEMING, RAUL FLORES-REGINO, SHEILA ANDERSON FOLSE, MICHAEL ALVIN FREEMAN, ELISEO GARCIA, ERICK GARCIA, JESUS ALONZO GARCIA, JOSE GILBERTO GARCIA, JUAN PABLO GARCIA, GUADALUPE BENJAMIN GARZA, ZARAGOZA TIJERINA GARZA, OLIN GILBERT, RAMIRO GONZALEZ, JR., LEONARD JACOB GOUDEAU, JORDAN ALEXANDER GRANT, JOHN KERRI GRAY, APRIL JOHNSON-GREEN, CHRIS GROTE, ADAN GUERRERO, MANUEL JOSE GUTIERREZ, MAXIMIANO SANCHEZ GUTIERREZ, CHARLES L. HAGEBUSCH III, MILTON HARDIN, DARIN KEVIN HARGROVE, TRAVIS TRINORD HARRIS, JEREMY DERMON HAWKINS, MILDRED MARIE HAYES, RUBEN D. HERNANDEZ, DANIEL GLEN HESTER, JOSEPH RANDALL HOLCOMB, COLBY

ALAN HOWELL, JOHN DANIEL HOWELL II, ANDY HUDSON, ROCKY DEAN HUDSON, DAVID WILLIAM HUFF, WILLIE DANIEL HUNTER II, CLARENCE MELVIN INGLE III, KEITH INGLE, RANDY INGLE, TRENTON TYLER INGLE, CHRISTOPHER LEE JACKSON, DUSTIN DAVID JAMES, JULIUS JOSEPH JANCA, JR., FRANCISCO JARQUIN, AGUSTIN MIGUEL JIMENEZ, MARTIN DAVID JOHNSON, DALE WINFORD JONES, JARVIS DEQUAN JONES, JEREMIAH CASEY JONES, MAGDA G. KELLY, RANDY DEWAYNE KELSOE, GERALD J. KINCHEN, TAMMY RENEE KNIGHT, ROBERT KEITHER LAMAR, JUSTIN RYAN LAMBRIGHT, LEWIS CARL LAMBERT, GLENN GARETTE LANDRY, DAVID LOUIS LANGLEY, ROBERT J. LAWLER, JR., JAVETTA LEATHER, MAYOLO BENITEZ LEON, DAVID A. LOERA, DAVID ACOSTA LOERA, JESUS MAGALLON, LESLIE D. MANCIL, MICHAEL AARON MANN, ROLAND ARNOLD MANN, JR., VARIATH D. MAROTTIKUDY, ERICK RIOS MARROQUIN, ANTHONY DANIEL MAYO, PETER L. MCCARTHY, RONALD MCFARLIN, WALTER JOSEPH MCFARLAND, CHASE MICHAEL MCMAINS, LARRY WAYNE MEEKS, REBECCA FORTENBERRY MEEKS, JAVIER H. MENDEZ GONZALEZ, ROBERT JAMES MENDOZA, DAVID WILLIAM MEYERS, DEVAN MITCHEM, KRISTOPHER MONTALVO, JUSTIN SCOTT MOUSSETTE, TYRONE NASH, RAMON HUMBERTO NATAL, LYNN TODD NEUMAN, JACK G. OPPERT, JR., ANIBAL RUBEN ORTIZ, DANIEL OZUNA, NELSON O. PACHECO-RAMOS, VARGHESE VEMBI PAPPUKUNJU, JOEY LYNN PARKS, KENT PARKS, DOUGLAS E. PEACH, ROLANDO PEREZ, JACE PICOU, JORGE ARMANDO PINON, EDGAR OMAR PORTILLO, DULCEY ANN PRINE, JESUS PUENTE, JR., JESUS G. PUENTE, SR., NATIVIDAD QUINTANILLA, RICHARD MORGAN RADFORD, VIOLETA SENTIOL RAMIREZ, LEE R. RAMOS, THOMAS RAYBORN,

JAMES I. RAYER, JR., HUGO MARIANO RAYMUNDO, ARTHUR LEE RICHARDS, MARCO ANTONIO RIVERA, OSCAR ARMANDO RIVERA, LEROY ROBINSON, JR., JOSE GAVITO RODRIGUEZ, PEDRO RODRIGUEZ, PEDRO RODRIGUEZ, JR., JAMES C. ROGERS, MARVIN ROMERO, EULALIO PASILLAS SALAS, JOSE REYNALDO SALINAS, JULIO C. SALINAS-GARZA, JUAN A. SANCHEZ-RODRIGUEZ, VICTOR MANUEL SANCHEZ-MARTINEZ, ALEJANDRO SANDOVAL GARCIA, ZACHARY SCHAVER, SAM BOUDREAUX SCOTT, ETHELWOLDO SEGARRA, USIEL SERNON, JERRY LEON SHANE, CLAUDE DOUGLAS SHUTE, RONALD RAY SIMS, FERMAH SMITH, CARLOS ALBERTO SOLIS, EDWARD ALLEN SONNIER, MILTON SPEARS, KENNETH SPENCER, JR., DONANTHONY SPITALERI, JONATHAN NEIL STANTON, CHERRIE STEPTOE, RALPHEL T. STEPTOE, RICKY LEE STOKES, VERNIE SUTTON, JEFFREY C. SWARNER, WAYLON MICHAEL SYMMANK, CASSANDRA MARIE TAIT, JAMES V. TAYLOR, MARK TOLBERT, DANIEL ESCHEVARRIA TORRES, JOEL ECHEVARRIA TORRES, KEVIN TOWNLEY, MIGUEL A. TREJO, LUPE TREVINO, SUSAN TREVINO, DOUGLAS EDWARD TUBBS, JEFFERY ARNOLD TULLAR, CYNTHIA RENEE TURNER, WESLEY TURNER, MARIO CRUZ URBANO, ALVARO VALENCIA, LUIS ANGEL VARGAS, REJI KILEEKKAL VARUGHESE, JAMES VAUGHN, KUNHIKRISHNAN K. VEETIL, ANTONIO GERARDO VELAZQUEZ, HECTOR HERNANDEZ VELAZQUEZ, HECTOR JIMENEZ VERA, JASON WAYNE VERRETT, ELSON DENNIS VIDRINE, JESUS VILLARREAL, JUAN C. VILLATORO, PABLO VILLEDA-CABRIALES, WALTER DOUGLAS WACKENREUTER, JAMES EARL WADE, ANTHONY L. WARD, SPENCER MCGARRETT WASHINGTON, WILLIAM WARREN WESBERRY, JR., ROSE MARY WHITEHEAD, MALCOLM RYAN WILBURN, CARL WILKERSON, SR., BO WILLIAMS, KEVIN LANE WILLIAMS, II,

LEIA CULPEPPER WILLIAMS, JOHN LEE WINKELMANN, DAVY HOWARD WOLFE, II, JODY WOODRUFF, HEIDI C. WYMER, BRADLEY FARRIS YARBOROUGH, ADRIAN YOUNG, DAVID HARRISON YOUNG, RUBEN ZAMORA, DALTON JOSEPH ANTOINE, JULIO CESAR CASTILLO-HONORATO, CARLOS L. GOMEZ, JEREMY RYAN GULLEY, CHARLES A. LACY, JR., ALEXIS YURI LOBO, JERRY DALE MASSEY, ERWIN HAROLDO MORALES, GERARDO VAZQUEZ ORTEGA, GUADALUPE ORTEGA, JOSE LUIS QUEZADA MORA, ALEJOS RODRIGEUZ-TAMEZ, KEVIN THOMAS, JOHN GARCIA, JR., PEDRO PENA PEREZ, MONICA OWENS SHERMAN, ROBIN KEITH BOUL, JOSHUA CALEB MILLER, OSCAR F. REYES, JOSE JAVIER SANCHES, HOMERO MONREAL, VARKEY KOLACKAL JOHNSON, RICHARD WILTZ, JR., VARGHESE PAILY KULIANICKAL, and SADASHIVANACHARY JANARDHANANACHARY, Plaintiffs, complaining of and against A & L INDUSTRIAL SERVICES, INC., BAKER CONCRETE SERVICES, INC., CAR-BER TESTING TEXAS, LLC, EMPIRE SCAFFOLD, LLC; G P INDUSTRIAL CONTRACTORS, ISC, LLC, KTMC TURNAROUND GROUP, LLC, PERFORMANCE CONTRACTORS, INC., RMF NOOTER, A SUBSIDIARY OF NOOTER CONSTRUCTION COMPANY, S & B ENGINEERS AND CONSTRUCTORS LTD, TOTAL INDUSTRIAL PLANT SERVICES, INC., TRACER INDUSTRIES MANAGEMENT CO., INC., and TURNER INDUSTRIES GROUP, LLC, Defendants, for causes of action and alleges as follows:

## I. JURISDICTION

1.1   This is an action under the Fair Labor Standards Act of 1938, as amended, 29 USC 201 *et seq*. (hereinafter "the FLSA").  Jurisdiction of this action is conferred on the

Court under Section 16(b) of the FLSA (29 USC 216(b)), by the provisions of 28 USC 1337, and by 28 USC 1331.

## II.  VENUE

2.1     Venue is proper pursuant to 28 U.S.C. § 1391(b), as the Eastern District of Texas is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## III.  PARTIES

3.1     Plaintiffs appear in this action on behalf of themselves and all those that are similarly situated.

3.2     Defendant, A & L INDUSTRIAL SERVICES, INC., is a domestic corporation and may be served with process by serving its registered agent for service in the state of Texas: **Joe Swindoll, 11358 Easttex Freeway, Houston, Texas 77093.**

3.3     Defendant, BAKER CONCRETE SERVICES, LLC, is a domestic company and may be served with process by serving its registered agent for service in the state of Texas: **Michael G. Robideau, 1333 Southwest Frwy., Suite 150, Sugar Land, Texas 77478.**

3.4     Defendant, CAR-BER TESTING TEXAS, L.L.C., is a domestic limited liability company and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.**

3.5     Defendant, EMPIRE SCAFFOLD, LLC, is a foreign limited liability company and may be served with process by serving its registered agent for service in the state of Texas: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

3.6     Defendant, G P INDUSTRIAL CONTRACTORS, is a domestic corporation and may be served with process by serving its registered agent for service in the state of Texas: **Roosevelt Petry, 400 Gulfway Drive, Port Arthur, Texas 77640.**

3.7     Defendant, ISC, LLC, is a domestic company and may be served with process by serving its registered agent for service in the state of Texas: **Catbird, LLC, 3717 W. 7th Street, Fort Worth, Texas 76107.**

3.8     Defendant, KTMC TURNAROUND GROUP, LLC, is a domestic corporation and may be served with process by serving its registered agent for service in the state of Texas: **William D. Maxey, 4695 Dunleith, Beaumont, Texas 77706.**

3.9     Defendant, PERFORMANCE CONTRACTORS, INC., is a foreign corporation and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.10    Defendant, RMF NOOTER, A SUBSIDIARY OF NOOTER CONSTRUCTION COMPANY, is a foreign corporation and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.11    Defendant, S & B ENGINEERS AND CONSTRUCTORS, LTD, is a foreign corporation and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.**

3.12    Defendant, TOTAL INDUSTRIAL PLANT SERVICES, INC., is a foreign corporation and may be served with process by serving its registered agent for service in

the state of Texas: **Daniel E. Mabry, 595 Orleans, Suite 1400, Beaumont, Texas 77701.**

3.13    Defendant, TRACER INDUSTRIES MANAGEMENT CO., INC., is a foreign corporation and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.14    Defendant, TURNER INDUSTRIES GROUP, LLC, is a foreign company and may be served with process by serving its registered agent for service in the state of Texas: **C T Corp System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

## IV.  FACTUAL ALLEGATIONS

4.1.    During various time periods, Plaintiffs ("the employees") performed work at the Motiva Port Arthur, Texas SBU2 Crude Expansion Project (hereinafter referred to as "the Motiva job").  Each day, Plaintiffs were required by Defendants to report for work at a certain location whereupon Plaintiffs were to get on a bus and be transported to the Motiva facility.  Later, Plaintiffs would be taken back by bus to the original point of departure.  (See listing of Plaintiffs and their employers, attached hereto as Exhibit "A".)

4.2    Each day, the time spent in transit (from time of original reporting at the beginning of the work shift until time of disembarking the bus at the end of the shift) was approximately thirty to ninety (30-90) minutes total.

ALLEGATIONS AS TO DEFENDANTS, A & L INDUSTRIAL SERVICES, INC.,
BAKER CONCRETE SERVICES, INC., CAR-BER TESTING TEXAS, LLC,
EMPIRE SCAFFOLD, LLC; G P INDUSTRIAL CONTRACTORS, ISC, LLC,  KTMC
TURNAROUND GROUP, LLC,  RMF NOOTER, A SUBSIDIARY OF NOOTER
CONSTRUCTION COMPANY, TOTAL INDUSTRIAL PLANT SERVICES, INC., AND
<u>TRACER INDUSTRIES MANAGEMENT CO., INC.</u>

4.3    Plaintiffs allege that the time they were forced to be on the buses is compensable under the FLSA and not excluded by the Portal-to-Portal Act.

## ALLEGATIONS AS TO ALL DEFENDANTS

4.4    Plaintiffs were paid compensable time for a certain pre-determined time period each day (*i.e.* 7:00 a.m. - 5:30 p.m.). However, Plaintiffs were frequently required to undertake compensable activities prior to or after the pre-determined "work time" each day including, but not limited to:

a.    The Employees were required to retrieve, and put on personal protective equipment and gear (including but not limited to work gloves, goggles, monitors, safety glasses, protective clothing and the like) at home or at the park-n-ride, and then to take it off and stow it away at their homes every night.

b.    The Employees were required before work time to attend mandatory safety meetings held at the lunch tent area which would commence before the time recorded as the beginning of their compensable time.

c.    The Employees who were assigned radio equipment would have to go to offices or other areas to retrieve said equipment in the morning; and would have to return said equipment after the end of hours that they were compensated for, and/or take them home and charge them up at night.

d.    The Employees who were assigned "Nextel" or similar communication devices and were required to take them home were frequently contacted by other employees well prior to the designated compensable time to discuss work issues including but not limited to the tasks and challenges for the upcoming day.

e.    The Employees would be required to attend daily foremens' (tool box) safety meetings; would be required to attend or participate in Job Safety Analysis (JSA) or

similar pre-work safety reports or discussions; would be called upon to fill out, review, or complete "START" cards or other similar safety paperwork; would be required to engage in exercise or calisthenics in order to "warm up" for the day's work; and/or would be required to attend "tool box meetings" or be "lined out" in their daily job duties, all prior to the commencement of the designated compensable time.

4.5    During these times, Plaintiffs were unable to effectively use their time for their own purposes and were performing work activities. They were under the control of their employers, and the time in question and actions taken or required of them predominantly benefitted their employers and constituted integral parts of their job duties.  As such, Plaintiffs' "work day" actually began and/or ended at points outside of the pre-determined "work time" for which they actually received compensation.

4.6  Plaintiffs are Consentors in this action.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1 During the time period referenced above, and before and after, Defendants have implemented and enforced the policies referenced which required Employees to work for or after their designated compensable time working at the Motiva job, which upon information and belief amount to five-thousand (5,000) or more persons. There exists a class of persons defined as all those who have been employed by Defendants on the Motiva job from the time period May 1, 2009 and continuing; but the class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the offices of or on behalf of any judge sitting in the Eastern District of Texas, and any persons who become so employed or so work prior to the entry of a Final Judgment in this action.

5.2   The requisites of 29 USC 216 and the FLSA Collective-Action provisions have been met. The class consists of hundreds or thousands of persons, making the members so numerous that individual lawsuits by each of the members of the group would be impractical.

5.3   Further, there are common questions of law and fact common to all members of the group. These common questions include, among others: (1) Whether the time spent on the buses is compensable as a matter of law; (2) Whether Defendants should have properly included time spent outside of the pre-determined "work hours" in the day for purposes of wages; (3) Whether Defendants have violated the Fair Labor Standards Act; (4) Whether Defendants' actions were "willful" as defined by the Fair Labor Standards Act.

5.4   The claims of the Plaintiffs are typical of the claims of other members of the group, and they will fairly and adequately represent and protect the interest of the proposed class. Plaintiffs have no interest antagonistic to those of the other members of the proposed class. Plaintiffs' attorneys are qualified, experienced, and able to conduct this litigation.

5.5   The questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members.

5.6   A class or collective action is superior to other methods for the fair and efficient adjudication of the claims asserted herein, and no unusual difficulties are likely to be encountered in the management of this class action.

## VI.  VIOLATIONS AND DAMAGES

6.1    Defendants have negligently or willfully failed to pay Plaintiff and other class members for time spent in employment, as more fully set forth above, in violation of the FLSA.

6.2    Defendants have negligently or willfully failed to keep adequate records of hours worked, in violation of the FLSA.

6.3    Plaintiffs are entitled to damages representing wages not properly paid, as well as an additional equal amount as liquidated damages resulting from Defendant's willful violation of the FLSA.  29 USC 207, 216(b), 255(a).  Plaintiffs are further entitled to recover their attorneys' fees, expert fees, pre-judgment and post-judgment interest on all damages, and their costs of court.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an order certifying this matter as a collective action under the Federal Rules of Civil Procedure, and appointing Plaintiffs and their counsel to represent the class;

2. For an order directing that all collective action members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendants,

3. For all damages, actual, special, and incidental, that are recoverable under law as the evidence may show proper;

4. For attorney's fees in an amount deemed sufficient to cover the prosecution of this action;

5. For all costs of these proceedings and interest from date of judicial demand; and,

6. For such other and further relief, in law or in equity, as to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000
FAX (409) 833-8236

By */s/ John Werner*
    John Werner
    State Bar No. 00789720
    Attorneys for Plaintiffs